*Woodstock Ventures, LC v. Woodstock Roots LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-one.

PRESENT:
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> > *Circuit Judges*,
> LEWIS J. LIMAN,
> > *District Judge.*\*

———————————————————————

WOODSTOCK VENTURES, LC, THE WOODSTOCK CANNABIS COMPANY, LLC,

> *Plaintiffs-Counter-Defendants-Appellees*,

> v.                                                                      No. 19-2720

WOODSTOCK ROOTS LLC, WOODSTOCK CANNABIS COMPANY, LLC, CHET-5 BROADCASTING, LP, GARY CHETKOF, AXCENTRIA PHARMACEUTICALS LLC, WOODSTOCK PRODUCTS COMPANY INTERNATIONAL, LLC, DBA WOODSTOCK AMERICAN PRODUCTS,

> *Defendants-Counter-Claimants-Appellants.*

———————————————————————

————————————

\* Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANTS:  ANDREW R. SPERL, (Seth A. Goldberg, Joseph J. Pangaro, *on the brief*), Duane Morris LLP, Philadelphia, PA; Evan Michailidis, (*on the brief*), Duane Morris LLP, New York, NY.

FOR APPELLEES:  EDWARD T. COLBERT, (Erik C. Kane, *on the brief*), Hunton Andrews Kurth, LLP, Washington, DC; Jonathan D. Reichman, Shawn P. Regan, Jennifer Bloom, (*on the brief*), Hunton Andrews Kurth, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on July 29, 2019, is **AFFIRMED**.

Defendants-Appellants Woodstock Roots, LLC, et al. (collectively, "Roots"), appeal the denial of a preliminary injunction that they sought against Plaintiffs-Appellees Woodstock Ventures, LC, et al. (collectively, "Ventures"). In the underlying action, Ventures sued Roots for trademark infringement, claiming Roots's products infringed on Ventures's use of the "Woodstock" mark in connection with the sale of recreational marijuana and related products. Roots counterclaimed for trademark infringement based on its federal registration of the "Woodstock" mark in connection with "smokers' articles." Roots then sought a preliminary injunction against Ventures based on its counterclaim for trademark infringement. The district court (Gardephe, *J.*) declined to enter a preliminary injunction, ruling that, even if Roots had priority in the "Woodstock" mark in connection with "smokers' articles," it did not establish a likelihood of success on the merits because it had not shown a likelihood of consumer confusion. *See Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, and refer to them only as necessary to explain our decision to affirm.

We review the grant or denial of a preliminary injunction for abuse of discretion. *SG Cowen Sec. Corp. v. Messih*, 224 F.3d 79, 81 (2d Cir. 2000). "Such an abuse of discretion ordinarily consists of either applying an incorrect legal standard or relying on a clearly erroneous finding of fact." *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (quoting *King v. Innovation Books*, 976 F.2d 824, 828 (2d Cir. 1992)). To obtain a preliminary injunction, the movant must show: "(1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation" and the balance of hardships tips "decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (internal quotation marks and alteration omitted) (citing *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)). The standard is demanding: "[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Salinger*, 607 F.3d at 79 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). Such relief should not be granted "unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Salinger*, 607 F.3d at 79 (quoting *Winter*, 555 U.S. at 24). Roots bore a heavy burden in seeking a preliminary injunction. It has failed on appeal to identify any clear error in the district court's factual findings underlying its analysis of the likelihood of success on the merits. We conclude that the district court acted within the permissible bounds of its discretion in denying the requested preliminary injunction.

We express no opinion on the merits or strength of the parties' underlying claims.

The District Court's order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3